## BURKETT v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Eighth Circuit. March 20, 1929.

No. 343.

Harry E. Meek, of Little Rock, Ark. (C. H. Moses and J. W. House, both of Little Rock, Ark., on the brief), for petitioner.

Morton P. Fisher, Sp. Asst. to Atty. Gen. (Mabel Walker Willebrandt, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of

Internal Revenue, and J. Arthur Adams, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before STONE and KENYON, Circuit Judges, and JOHNSON, District Judge.

STONE, Circuit Judge. This is a petition to review an order of the Board of Tax Appeals, sustaining the action of the Commissioner of Internal Revenue in a proceeding before the board for the redetermination of a deficiency in the income tax of petitioner for the year 1923.

The controversy arises over an item of $175,000, paid to petitioner for an oil and gas lease on 1,000 acres of land located in Ouachita county, Arkansas. The record title of 880 acres of this land was in petitioner and 120 acres in his wife.

He presents here two contentions as follows: I. That the computation of this tax should be under section 206 of the Revenue Act of 1921, 42 Stat. 232, because the transaction involving the payment was a "sale," within the meaning of that section, instead of "income," within the meaning of sections 210 and 211, as determined by the Commissioner. II. That in fact his wife was the owner of 340 acres of the 880 acres standing in his name, and therefore the above item should, for taxation, be divided between them on the ratio of 540 to 460 acres, instead of the ratio of 880 to 120 acres, as determined by the Commissioner.

■ I. As to the first contention, petitioner's position is as follows: The right to explore and take oil or gas is a property right; it is the "only property right which is the basis of sale and trade between land proprietors and producers" in respect to oil and gas; therefore, the grant of that right is a sale. The argument is ingenious. Whether it may, under any set of facts, be sound, we need not determine. We think it is unsound in the situation here revealed. The instrument of grant here is entitled "Oil and Gas *Lease*." A "lease" has a defined legal meaning, which is less than a "sale"—necessarily implying a conveyance of less than the complete and entire title or ownership held by the lessor at the time of the lease. Although the instrument is so entitled, and such title is an element in ascertaining the character of the instrument, yet the intent of the parties, as revealed in and as effectuated by the entire language in the instrument, must determine its legal definition. United States v. Shea, 152 U. S. 178, 189, 14 S. Ct. 519, 38 L. Ed. 403.

The instrument recites that the owners "hereby lease, demise and let" the described land, "with the exclusive right of drilling and operating thereon for and producing oil and gas therefrom, * * * and also such other privileges as are reasonably requisite for the conduct of said operations, and the right to remove casing from abortive and abandoned wells, and at the termination of this lease to remove all property placed thereon by lessee." The term was for "seven years from the date hereof, and as much longer thereafter as oil or gas * * * are produced from said land: Provided that this lease shall not remain in force longer than fifty years from this date. * * * *" There were provisions for drilling within stated periods, or, failing such, for stipulated payments to the owner (as "rental") or for forfeiture. Other provisions covered royalties on oil or gas produced. $175,000 was paid as consideration for the instrument.

The gist of this instrument is that, for a payment of $175,000, the oil company was given the right to prospect and produce oil for a maximum term of 50 years under the conditions and upon the payments set forth therein.

■ Whether this instrument can be described by any defined legal terms—such as lease, license, etc.,—it is certain that it is only a limited grant of a right in respect to land and for a limited period of time by one having the fee and possession. Such cannot be denominated a sale in the ordinary sense of that word, and there is no reason to construe section 206 as using "sale" in any other sense. The wording and the legislative history of section 206 are clear that it was intended to apply to "sales" in the sense of *conveyance of title to property,* not of the *creation of privileges or estates or rights in property for a limited period of time.*

Also, this case is ruled by United States v. Biwabik Mining Co., 247 U. S. 116, 38 S. Ct. 462, 62 L. Ed. 1017, and Von Baumbach v. Sargent Land Co., 242 U. S. 503, 37 S. Ct. 201, 61 L. Ed. 460. Both of those cases involved taxing statutes. Those cases defined this character of instruments as grants of privileges and not as conveyances of the mineral (iron ore) in place. We cannot see why the character of the instrument is changed or affected by the fact that the mineral is of a character (oil and gas) which was not susceptible of conveyance in place. In either case, the same rights are given and the same results are intended and do follow. What the landowner *could* or *could not* grant

does not control the nature of what he *did* grant.

■ II. As to the acreage. The evidence shows legal title to 880 acres in petitioner. That is competent evidence of ownership. It fails to show any division of income, expenses, or control as to such between the petitioner and his wife inconsistent with this apparent ownership. The evidence by petitioner that his wife really owned 460 acres, of which 340 were included in the 880 acres in his name, is to the contrary. There was conflict in the evidence. We do not understand that we are permitted to reverse the Board of Tax Appeals on matters of fact based upon conflicting evidence before it. Our review is confined to errors of law.

The determination of the board should be and is sustained, and the petition dismissed.