## KING v. ALEXANDER, Internal Revenue Collector.

District Court, W. D. Oklahoma.
Dec. 4, 1929.

Harry F. Glasser, of Enid, Okl., for plaintiff.

Roy St. Lewis, U. S. Atty., of Oklahoma City, Okl., for defendant.

VAUGHT, District Judge.

This matter comes on for hearing on the demurrer of the defendant to the plaintiff's petition.

The petition alleges in substance that the plaintiff is a citizen of the United States, and an income tax payer for the year 1927, and now resides in the state of California; that the defendant is the duly appointed, qualified and acting Collector of Internal Revenue for the United States for the Western District of Oklahoma; that the plaintiff, for the calendar year 1927, paid federal income tax to the defendant in his official capacity in the sum of $20,221.74, and that of the total net income of the said taxpayer for said year, upon which said income tax was calculated and paid, the sum of $102,556.07 was received by the taxpayer from the sale of oil and gas produced from certain lands which the plaintiff had owned for more than two years prior to the first day of January, 1927, and had continuously and uninterruptedly owned and held since the date of such acquisition by the plaintiff; that said oil and gas produced and sold upon said lands were produced in the course of the development thereof, and under the terms of a certain oil, gas and mineral mining lease which provided that there was reserved to the plaintiff one-eighth part of the

oil produced and saved from the leased premises in accordance with the terms of said lease; that the income tax paid by the plaintiff as above stated has been wholly computed in conformity with sections 210 and 211 of the Revenue Act of 1926 (44 Stat. 21) and that plaintiff has not been given the allowance provided for in section 208 (44 Stat. 19) in the sale of a capital asset.

The plaintiff alleges further that she filed on the 6th day of September, 1928, her claim for refund with the recomputation thereto attached, and that she thereby elected to have her federal income tax for the year 1927 upon the sale of said oil and gas levied and collected within the provisions of section 208 of the Revenue Act of 1926 as applicable to the sale of capital assets; that more than six months has expired since the filing of the taxpayer's claim for refund, and no action has been taken thereon by the Commissioner of Internal Revenue, and that his failure to rule thereon within six months vests jurisdiction in this court for the determination of the taxpayer's claim presented thereby; that by reason of the calculation of plaintiff's federal income tax for the calendar year 1927, within the provisions of sections 210 and 211 of said act, the plaintiff paid to the defendant for the use and benefit of the United States government federal income tax in the total sum of $20,221.74; that if plaintiff's federal income tax for said year had been levied and collected within the provisions of section 208 of the Revenue Acts of 1924 (43 Stat. 262) and 1926 (44 Stat. 19), the plaintiff would have been indebted to the United States government in the sum of $13,122.49, so that the plaintiff has overpaid the United States government for said year, $7,099.25 income tax for which judgment is asked.

The plaintiff contends, in short, that her income tax should have been based upon section 208 of the Revenue Act of 1926, and not upon sections 210 and 211. It is clear from the petition that the income of the plaintiff, on which the tax was levied and paid, is an income derived from the sale of oil and gas, and which belonged to the plaintiff by virtue of the one-eighth royalty retained by her in the execution of the leases referred to.

The question then to be determined is whether or not said income represented a capital gain or a gross income. If a capital gain, then it should be determined under section 208 of the Revenue Acts of 1924 and 1926. If gross income, then it should be determined under sections 210 and 211 of the Act of 1926.

In Burkett v. Commissioner of Internal Revenue, decided by the Eighth Circuit Court of Appeals, 31 F.(2d) 667, 668, the court passed directly upon the second proposition, but did not pass upon the first proposition for the reason it was not involved in the case. In that case, the owner of the land received $175,000 for a lease, and the court said:

"Whether this instrument can be described by any defined legal terms—such as lease, license, etc.—it is certain that it is only a limited grant of a right in respect to land and for a limited period of time by one having the fee and possession. Such cannot be denominated a sale in the ordinary sense of that word, and there is no reason to construe section 206 as using 'sale' in any other sense. The wording and the legislative history of section 206 are clear that it was intended to apply to 'sales' in the sense of conveyance of title to property, not of the creation of privileges or estates or rights in property for a limited period of time."

In other words, a bonus received for a lease is construed as gross income.

In Murphy, petitioner, v. Commissioner of Internal Revenue, reported in 9 B. T. A. 610, the taxpayer received a portion of his income from the sale of leases and a portion from the sale of oil and gas which had been reserved under the lease as his royalty. In that case the court said; after quoting from the opinion in Ohio Oil Co. v. Indiana (No. 1), 177 U. S. 190, 20 S. Ct. 576, 44 L. Ed. 729:

"This case was followed in Lindsley v. Natural Carbonic Gas Co., 220 U. S. 61 [31 S. Ct. 337, 55 L. Ed. 369, Ann. Cas. 1912C, 160], involving a New York statute; in Oklahoma v. Kansas Natural Gas Co., 221 U. S. 229 [31 S. Ct. 564, 55 L. Ed. 716, 35 L. R. A. (N. S.) 1193], involving an Oklahoma statute, and in Walls v. Midland Carbon Co., 254 U. S. 300 [41 S. Ct. 118, 65 L. Ed. 276], involving a Wyoming statute. The court, in the Lindsley Case based its opinion on the rule laid down in the Ohio Oil Co. Case, and added, 'But were the question an open one we should still solve it in the same way.' From these cases the following rules may be deduced: The right to reduce to possession gas and oil underneath one's land is a property right protected by the Fourteenth amendment. Oil and gas do not belong to the state but con-

stitute the common property of all owners of the soil that lies above the oil and gas deposit. This common ownership is subject to the right of individual ownership, when the oil or gas is reduced to possession by any one of the common owners. Such common ownership is the private property of the owners of the soil and as such may be protected by statute.

"All the property rights above enumerated had been acquired and held by petitioner for more than two years prior to the date of each conveyance. Under the facts the Board is of the opinion that the oil and gas conveyed by petitioner to his grantee were 'capital assets,' as defined in section 206. To hold otherwise would be to give to a relief statute a narrow construction which would do violence to the intention of Congress as expressed both in the words of the section and the report of the Committee on Ways and Means of the House of Representatives. See Henry L. Berg et al. [6 B. T. A. 1287], supra.

"Petitioner is entitled to have so much of his income as resulted from a gain derived from sales of oil, gas and other minerals, taxed under the provisions of section 206."

In a later case by the Board of Tax Appeals, Reynolds v. Commissioner of Internal Revenue, 10 B. T. A. 651, in which case a portion of the income was received from the execution of oil and gas leases, and a portion was received from the sale of certain royalty rights which accrued by reason of the ownership of real estate which the taxpayer had held for a period of more than two years, and on which oil had been discovered, the court said:

"The decision of the first issue is governed by the decision of the Board in Henry L. Berg, 6 B. T. A. 1287; John T. Burkett, 7 B. T. A. 560; D. R. McDonald, 7 B. T. A. 1078; J. E. Murphy, 9 B. T. A. 610, and the decision of the court in Rosenberg v. McCaughn [D. C.] 20 F.(2d) 139. On the authority of those decisions we hold that the Commissioner was correct in refusing to tax income derived from the leases under section 206 of the Revenue Act of 1921. As to the second issue, with reference to the profit of $7,600 derived by the petitioner from the sale of his interest in oil and gas underlying certain land owned by him, the Board is of the opinion that this profit was a capital gain within the meaning of section 206 of the Revenue Act of 1921 and should be taxed at 12½ per cent. as claimed by the petitioner, J. E. Murphy, supra."

Section 206 of the 1921 act, is substantially the same as section 208 of the 1924 and 1926 acts, and section 210 is the same in the acts of 1921, 1924, and 1926.

I am therefore of the opinion that under the allegations of the petition that the income set out in said petition, having all been derived from the sale of oil and gas, is a capital gain and, therefore, should be taxed under section 208 of the Revenue Act of 1926.

The demurrer of the defendant is therefore overruled and exception allowed.