MacMASTER et al. v. COMMISSIONER OF INTERNAL REVENUE.

No. 4865.

Circuit Court of Appeals, Third Circuit.

Nov. 30, 1932.

Arnold M. Replogle and Geo. W. Herriott, both of Pittsburgh, Pa., for appellant.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key and F. Edward Mitchell, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue and Frank M. Thompson, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

WOOLLEY, Circuit Judge.

The sole question in this case is when did profits accrue under a certain contract and, accordingly, in what year or years were they taxable?

 MacMaster sold coal in place, treated as real estate [Rosenberger v. McCaughn (C. C. A.) 25 F.(2d) 699], for a consideration of $98,000, payments to be made at different intervals in the sums of $10,000 and $2,500 each. Payments were irregularly made through a period of years producing an ultimate profit of $44,933. Latterly MacMaster made income tax returns but in the early years he made no returns on the theory that he could receive and set off these payments against what the property had cost him and that not until the total property cost had been reached did he derive a profit which he should return and on which he should pay a tax. The Commissioner of Internal Revenue found from the terms of the contract that the transaction was an installment sale, that profits could best be reflected, as intended, on the installment sales plan and, under articles 44 and 45 of Regulation 62, promulgated under authority of the Revenue Act of 1921 (section 1303 [26 USCA § 1245 note]), in force during the tax years in question, treated the proportion of the amount received which represented profits as taxable in the year in which it was received. It would seem that this method of reporting income derived from a transaction involving deferred payments placed the income received in the taxable period in which it logically belonged, but the petitioners contend that, even so, the contract did not have "a readily realizable market value" and that, in consequence, under section 202 of the Revenue Act of 1921 (42 Stat. 229), the taxpayer had the right to report all payments as reducing the basis and, as before stated, he was not required to report any payments as income until out of the payments received the cost of the property had been fully realized. So the real question is whether there was in this case "a readily realizable market value" of the contract of sale. On that issue there is a presumption that, on the determination of the tax, it had such a value and that, accordingly, the tax was lawful. To overcome the presumption arising from the Commissioner's prima facie finding, the burden rested on the taxpayer to show that it was erroneous. Botany Worsted Mills v. United States, 278 U. S. 282, 49 S. Ct. 129, 73 L. Ed. 379; Reinecke v. Spalding, 280 U. S. 227, 50 S. Ct. 96, 74 L. Ed. 385. Against that presumption the petitioners took the position that the contract of sale was in equity a kind of mortgage and produced evidence as to the lack of realizable market value of that kind of security which the Board in its opinion discussed and in its conclusion rejected. On this pure issue of fact we cannot, under the rule of Bishoff v. Commissioner (C. C. A.) 27 F.(2d) 91, review and reverse the Board when there is evidence, or an unopposed presumption, to support its conclusion. After the Board had rejected the taxpayer's evidence, the presumption of validity of the tax as determined by the Commissioner stood undisturbed and left the case where the Commissioner made it and where the Board sustained him.

The order of the Board of Tax Appeals is affirmed.