## UMSTED et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9888.

Circuit Court of Appeals, Eighth Circuit.

June 13, 1934.

Edward L. Wright, of Little Rock, Ark. (T. J. Gaughan, of Camden, Ark., on the brief), for petitioners.

John G. Remey, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before GARDNER, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

WOODROUGH, Circuit Judge.

This is an appeal from a decision of the Board of Tax Appeals rendered on a stipulation of facts involving income taxes for the years 1925 and 1926 in four cases consolidated in the proceedings before the Board (28 B. T. A. 176). The essential facts are as follows: Sid Umsted, a resident of Camden, Ark., died intestate on November 3, 1925, the owner of certain oil and gas properties and royalty interests in oil and gas lands in Ouachita County, Ark. The petitioners are the sole beneficiaries of his estate. Title to a portion of the land was in controversy and in the course of litigation in the state courts at the time of Sid Umsted's death. Pending the outcome of the suit, the property was impounded by the court, and a receiver was appointed to administer it. On November 21, 1924, the receiver leased the property for oil and gas and collected a bonus of $30,000. The lower court confirmed the title in Umsted, and the Supreme Court of Arkansas affirmed the decision on December 21, 1925. Sewell v. Umsted, 169 Ark. 1102, 278 S. W. 36. Pursuant to said decree the receiver paid the $30,000 bonus to Umsted's attorneys, who, after deducting $10,000 for their services, paid the balance of $20,000 to the estate. This sum was distributed to the heirs, petitioners here, pro rata under the descent and distribution statutes of Arkansas. In computing the income tax liability of the estate for the period of November 3, 1925, to December 31, 1925, for which a return had been made on the accrual basis of accounting, the Commissioner included the $20,000 as gross income and asserted a deficiency on that basis. The petitioners contend that this item formed a part of the corpus of the estate not taxable as income. 26 USCA § 1094 note.

The income received by the lessor from an oil and gas lease, whether by way of an

initial bonus or as royalties on the oil and gas subsequently produced by the lessee, is taxable not as gain from the "sale" of capital assets, but as ordinary income. Burnet v. Harmel, 287 U. S. 103, 53 S. Ct. 74, 77 L. Ed. 199; Murphy Oil Co. v. Burnet, 287 U. S. 299, 53 S. Ct. 161, 77 L. Ed. 318; Bankers' Pocahontas Coal Co. v. Burnet, 287 U. S. 308, 53 S. Ct. 150, 77 L. Ed. 325; Strother v. Burnet, 287 U. S. 314, 53 S. Ct. 152, 77 L. Ed. 330; Comar Oil Co. v. Burnet, 64 F.(2d) 965 (C. C. A. 8); Pitman v. Commissioner, 64 F.(2d) 740 (C. C. A. 10); Commissioner v. Jamison Coal & Coke Co., 67 F.(2d) 342 (C. C. A. 3).

■ The $20,000 so impounded represented income to the estate in the year 1925 when the Supreme Court affirmed the decree (Sewell v. Umsted, 169 Ark. 1102, 278 S. W. 36) confirming title to the property in Umsted and holding him entitled to the bonus collected by the receiver. There could be no receipt of the gains from the transaction prior to that time, because until then there was no right in Umsted to demand that the receiver pay over the money. North American Oil Co. v. Burnet, 286 U. S. 417, 52 S. Ct. 613, 76 L. Ed. 1197. Not until the judgment was rendered did he or the representatives of his estate have a right to demand the bonus. In that year it constituted taxable income whether the return is made on the cash receipts or accrual basis of accounting. Id. We can see no escape from this conclusion.

■ In the alternative, petitioners contend that they are entitled to a deduction for depletion in an amount equal to 27½ per cent. of the gross income from the property leased. 26 USCA § 935.

The depletion charge permitted as a deduction from gross income in determining taxable income in the case of gas and oil wells represents the reduction or physical exhaustion during the taxable year in question, of oil or gas in place in the land in which the taxpayer has an interest. Helvering v. Falk (1934) 291 U. S. 183, 54 S. Ct. 353, 78 L. Ed. 719; Lynch v. Alworth-Stephens Co., 267 U. S. 364, 45 S. Ct. 274, 69 L. Ed. 660; United States v. Ludey, 274 U. S. 295, 47 S. Ct. 608, 71 L. Ed. 1054; Murphy Oil Co. v. Burnet, 287 U. S. 299, 53 S. Ct. 161, 77 L. Ed. 318; Herring v. Commissioner (C. C. A. 5 April 24, 1934) 70 F.(2d) 785; Burnet v. Thompson Oil & Gas Co., 283 U. S. 301, 51 S. Ct. 418, 75 L. Ed. 1049; Palmer v. Bender, 57 F.(2d) 32; Id., 287 U. S. 551, 53 S. Ct. 225, 77 L. Ed. 489;

Burnet v. Petroleum Exploration (C. C. A.) 61 F.(2d) 273; Walker v. Commissioner (C. C. A.) 65 F.(2d) 97.

■ The burden was on the petitioners to show that they were entitled to the deduction claimed for depletion. Brown v. Helvering, 291 U. S. 193, 54 S. Ct. 356, 357, 78 L. Ed. 725; Reinecke v. Spalding, 280 U. S. 227, 50 S. Ct. 96, 74 L. Ed. 385; Burnet v. Houston, 283 U. S. 223, 51 S. Ct. 413, 75 L. Ed. 991; United States v. Anderson, 269 U. S. 422, 443, 46 S. Ct. 131, 70 L. Ed. 347; Crowell v. Commissioner (C. C. A.) 62 F.(2d) 51; McMaster v. Commissioner (C. C. A.) 62 F.(2d) 81; White v. Commissioner (C. C. A.) 61 F.(2d) 726; Tunnel R. R. Co. v. Commissioner, 61 F.(2d) 166 (C. C. A. 8).

■ In this respect the petitioners have failed to sustain the burden cast upon them. The record does not disclose any evidence that there was any production during the period for which the estate made the return. Herring v. Commissioner (C. C. A. 5, April 24, 1934) 70 F.(2d) 785. The evidence supports the finding of the Board with respect to the 1925 return.

■ With reference to the deficiency asserted for the year 1926, the estate of Sid Umsted received during that year a total of $55,703.53 under the terms of an instrument, which the petitioners contend was a "sale or other disposition" of a seven-eighths interest in a certain ten acres of oil-producing property owned by Sid Umsted in fee at the time of his death. 26 USCA §§ 933, 935. The Commissioner claimed that the instrument was in legal effect a lease, and the amount received thereunder was a bonus constituting taxable income to the estate, and the Board of Tax Appeals so found. The instrument reads as follows:

"Witnesseth, That the said lessor, for and in consideration of the sum of Fifty thousand ($50,000) dollars * * * have granted, conveyed, demised, leased, and let, and by these presents do grant, convey, demise, lease and let unto said lessee, for the sole purpose of mining and operating for oil and gas, and laying of pipe lines, and of building tanks, towers, stations and structures thereon to produce, save and take care of said products. * * *

"It is agreed that this lease shall remain in force as long as oil or gas, or either of them, is produced in paying quantities from said land by said lessee."

The instrument further preserves the agricultural rights of the lessor.

The intent of the parties as revealed and effectuated by the language of the instrument must determine its legal definition and effect. Burkett v. Commissioner (C. C. A.) 31 F.(2d) 667; Jefferson Gas Coal Co. v. Commissioner (C. C. A.) 52 F.(2d) 120. An examination of the instrument clearly reveals the intention of the parties to enter into a lease of the premises for certain definite and stipulated purposes expressed therein. The instrument in question is not dissimilar in language and substance to those before the courts in Berg v. Commissioner, 59 App. D. C. 86, 33 F.(2d) 641, and Burkett v. Commissioner (C. C. A.) 31 F.(2d) 667, which were found to be leases.

As such, the bonus or royalties received under it represent income taxable to the estate. Burnet v. Harmel, 287 U. S. 103, 53 S. Ct. 74, 77 L. Ed. 199; Murphy Oil Co. v. Burnet, 287 U. S. 299, 53 S. Ct. 161, 77 L. Ed. 318; Bankers' Pocahontas Coal Co. v. Burnet, 287 U. S. 308, 53 S. Ct. 150, 77 L. Ed. 325; Comar Oil Co. v. Burnet (C. C. A.) 64 F.(2d) 965.

The decision of the Board of Tax Appeals should be and is affirmed.