## COMMISSIONER OF INTERNAL REVENUE v. ELLIOTT PETROLEUM COR- PORATION.
### No. 7892.
Circuit Court of Appeals, Ninth Circuit.
March 9, 1936.

Frank J. Wideman, Asst. U. S. Atty. Gen., and Sewall Key, Helen R. Carloss, and Arnold Raum, Sp. Assts. to Atty. Gen., for petitioner.

Melvin D. Wilson, of Los Angeles, Cal., for respondent.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from a decision of the Board of Tax Appeals which gave the respondent a depletion allowance of $19,157.45 (27½ per cent. of $69,699.31). The amount of the allowance is not questioned, if the respondent is entitled to any allowance for depletion, which is the sole point in dispute. In 1922 respondent purchased an oil lease which it sold in 1928 for $275,000, one-half payable in cash, and the balance "payable out of one-half the net proceeds of all production from the demised premises." The commissioner decided that the two sums of cash paid before the taxable year in question ($156,944.58) equaled the respondent's investment in the oil properties and therefore not taxable as income, and held that the payment of $69,699.81 made in 1929 was all profits taxable to the petitioner as income for that year. The Board of Tax Appeals held that as the respondent was to be paid from the proceeds of oil property and not otherwise, the respondent had an economic interest in the oil in place which entitled it to a share in the depletion allowance for 1929 to be made to the lessee under section 23, subd. (l), and section 114(b)(3), Revenue Act of 1928, c. 852, 45 Stat. 791, 799, 800, 821, 26 U.S.C.A. §§ 23, 114 notes, in accordance with the decision of the Supreme Court in Palmer v. Bender, 287 U.S. 551, 53 S.Ct. 225, 77 L.Ed. 489, and Helvering v. Falk, 291 U.S. 183, 54 S.Ct. 353, 78 L. Ed. 719; Brown v. Helvering, 291 U.S. 193, 54 S.Ct. 356, 78 L.Ed. 725. The respondent aptly states: "It should not make any difference, in the case at bar, whether respondent was to receive one-half of the oil, until the market price of that one-half, as produced, equaled $137,500, or whether respondent was to receive the proceeds from one-half of the oil produced until its receipts reached $137,500." See Signal Gasoline Corporation v. Com'r (C.C.A.9) 66 F.(2d) 886. It cannot be doubted that the respondent had an economic interest in the oil in place to the extent of at least one-half the net oil produced until it had been paid the balance due to it. When it received $69,699.81 of that amount, the oil which had been used to pay it contained, according to the arbitrary percentage fixed by law, $19,157.45 of recovered capital, depletion allowance being for such return of capital investment. Lynch v. Alworth-Stephens Co., 267 U.S. 364, 45 S.Ct. 274, 69 L.Ed. 660; Bur-

net v. Harmel, 287 U.S. 103, 53 S.Ct. 74, 77 L.Ed. 199; Murphy Oil Co. v. Burnet, 287 U.S. 299, 53 S.Ct. 161, 77 L.Ed. 318; Helvering v. Falk, 291 U.S. 183, 187, 54 S.Ct. 353, 78 L.Ed. 719, supra. The only question here is whether this allowance should have been made to the lessee or apportioned to the respondent according to its interest in the oil produced. The petitioner contends that the allowance should have been made to the lessee because the respondent "suffers no loss through the exhaustion of oil and gas through production." He claims that the "taxpayer in this case did not retain any interest in production." Referring to the lessor, and the assignee who occupies the place of the lessee, he says: "Yet they are the only ones who are gradually losing [recovering] their capital as the well is exhausted."

These contentions beg the question. A fixed percentage of all oil recovered (27½ per cent.) is by virtue of the statute allowing depletion (sections 23, 114, Revenue Act 1928, supra) a recovery of capital. If the oil recovered belongs to the respondent, or if it has an economic interest therein, it is conceded that 27½ per cent. interest therein is capital. If the amounts payable to the respondent were due in any event, it is clear that the depletion allowance would go to the assignee and not to respondent, but when the payment is contingent upon oil production and only payable therefrom, it is equally clear that the respondent has an economic interest therein, for the payment to it is wholly contingent thereon.

The argument of the commissioner is based in part upon the contention that the respondent having fully recovered its capital by reason of the allowance of $156,944.58 in previous years as a return of capital, it is no longer entitled to an allowance for that purpose. The contention seems a valid one, if we confine our attention to the income of the respondent; but when we consider the fact that after its assignment of its lease it was still entitled to one-half the oil produced (that is, net proceeds therefrom), it is clear that 27½ per cent. thereof is nevertheless a capital return to be allowed by the commissioner either to the respondent or to its assignee. The assignee of the lessee may have recovered its capital long ago, yet it is entitled to the capital allowance fixed by statute. There is no reason why

the statutory allowance should not be apportioned between the assignor and assignee, and if so the parties have agreed as to the method of prorating it. We do not inquire as to whether or not the commissioner was correct in making the allowance of $156,994.58 as a deduction in 1926 and 1927, as that question is not before us except as a fact to be considered in support of the disallowance of depletion for 1928 if pertinent thereto. We hold this fact to be irrelevant.

Our conclusion is in accord with the decision of the Tenth Circuit Court of Appeals in Alexander v. Continental Petroleum Co., 63 F.(2d) 927, under the Revenue Act of 1926 (44 Stat. 42), and the above-cited decisions of the Supreme Court. The case of Pugh v. Com'r (C.C.A.) 49 F.(2d) 76, cited by the commissioner, it is agreed tends to support his contentions; but in so far as it conflicts with Palmer v. Bender, 287 U.S. 551, 53 S.Ct. 225, 77 L.Ed. 489, supra, it is no longer authority. The latter case leads to the conclusion adopted by the Board of Tax Appeals. In view of these very recent decisions of the Supreme Court, it is unnecessary to consider at length or distinguish any of the decisions of the Circuit Courts of Appeals cited by the Commissioner.

Order affirmed.