Roy H. Laird, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 79760.   Promulgated November 13, 1936.

*Robert Ash, Esq.,* and *H. I. Wilhelm, C. P. A.,* for the petitioner.
*Eugene Smith, Esq.,* for the respondent.

76

OPINION.

BLACK: Petitioner in his brief succinctly states the issues raised in the petition as follows:

The issues involved in this case have to do with allowable depletion on three kinds of lease transactions; first, the assignment of the entire interest in a lease for cash; second, the assignment of a lease-interest for cash and the right to receive certain stipulated amounts from the oil, if, as and when produced; and, third, the granting of a lease on fee land for a cash consideration plus the right to receive certain stipulated amounts from the oil, if, as and when produced.

The stipulation of facts with respect to the first issue involving petitioner's right to depletion upon an amount of $35,420, received as a cash consideration for the conveyance of all of his interest in certain leases, refers to this payment as a "bonus." That stipulation, however, shows that this payment is in no sense a bonus for the execution of a lease or other conveyance of interests in oil properties, but is the entire consideration paid. The transaction was merely a sale of property for a cash consideration and the issue is controlled

by our decision in *Macon Oil & Gas Co.*, 23 B. T. A. 54. See also *Lester W. Fritz*, 28 B. T. A. 408; *Darby-Lynde Co.* v. *Alexander*, 51 Fed. (2d) 56; certiorari denied, 284 U. S. 666. Petitioner is not entitled to depletion upon the consideration received.

The second issue is whether petitioner has a right to depletion on certain amounts received under contracts by which he assigned certain oil leases owned by him for a consideration, including a cash payment in a stipulated amount, and deferred payments to be made from the proceeds of oil, if and when produced from the properties. No percentage oil royalty was reserved by petitioner on the assignment of these leases. Respondent has disallowed depletion deductions on both the cash payment received and the payments realized under the contract from the proceeds of oil produced.

The Revenue Act of 1928, section 114 (b) (1) and (b) (3), is controlling.[1]

Petitioner's right to deductions for depletion at the rate of 27½ percent on $3,166.55 received by him under the contract which gave him the right to receive $29,472.50 payable out of oil if and when produced, seems clear. *Palmer* v. *Bender*, 287 U. S. 551; *Chester Addison Jones*, 31 B. T. A. 55; affd., 82 Fed. (2d) 329; *Commissioner* v. *Williams*, 82 Fed. (2d) 328; *Commissioner* v. *Elliott Petroleum Corporation*, 82 Fed. (2d) 193; *Alexander* v. *Continental Petroleum Co.*, 63 Fed. (2d) 927; *William Fleming*, 31 B. T. A. 623; affd., 82 Fed. (2d) 324. We hold that petitioner is entitled to percentage depletion on this payment of $3,166.55 out of oil produced.

Petitioner also claims the right to a 27½ percent deduction on the so-called cash bonus aggregating $18,472.50 received in the transaction involved in paragraph IV of the findings of fact. The $18,472.50 in question was not paid as a true bonus or advanced royalty in anticipation of future oil production such as was present in *Palmer* v. *Bender*, 287 U. S. 551; *Herring* v. *Commissioner*, 293 U. S. 322, where a percentage oil royalty was reserved by the assignor or sublessor. It was received as a cash payment for the assignment of leases. These leases had an aggregate cost of $2,325.08 and we assume the Commissioner in computing the gain in this transaction

---

[1] SEC. 114. BASIS FOR DEPRECIATION AND DEPLETION.

  (b) *Basis for depletion.—*

  (1) GENERAL RULE.—The basis upon which depletion is to be allowed in respect of any property shall be the same as is provided in section 113 for the purpose of determining the gain or loss upon the sale or other disposition of such property, except as provided in paragraphs (2) and (3) of this subsection.

    *        *        *        *        *        *        *

  (3) PERCENTAGE DEPLETION FOR OIL AND GAS WELLS.—In the case of oil and gas wells the allowance for depletion shall be 27½ per centum of the gross income from the property during the taxable year. Such allowance shall not exceed 50 per centum of the net income of the taxpayer (computed without allowance for depletion) from the property, except that in no case shall the depletion allowance be less than it would be if computed without reference to this paragraph.

has allowed a recovery of the entire cost basis of the leases assigned. There is no contention to the contrary.

In *William Fleming, supra,* we denied to the taxpayer percentage depletion under section 114 (b) (3) of the Revenue Act of 1928 of a cash payment of the character here presented. Our decision was affirmed by the United States Circuit Court of Appeals, Fifth Circuit. See *Commissioner* v. *Fleming,* 82 Fed. (2d) 324. In the *Fleming* case the court held that upon the sale of Texas oil leases for cash and a share of the oil when produced, the vendor is not entitled to percentage depletion as to the cash received, as such money payment, unconnected with production of oil, is to be dealt with as representing a conversion of capital by sale. The court further held that the vendor is entitled to the percentage depletion deduction as to his income from the sale of oil produced.

We are unable to distinguish the cash payment of $18,472.50 here in question from the cash payment involved in the *Fleming* case and therefore, following the *Fleming* case, we affirm the Commissioner in his disallowance of percentage depletion on the cash payment in question.

The third issue involves the correctness of respondent's action in disallowing petitioner's claim for depletion upon payments received from oil production under leases granted by him on lands owned by him in fee, where a percentage oil royalty was reserved. As to these leases it is stipulated:

The petitioner executed certain oil and gas leases in the usual Texas form, reserving unto himself the usual ⅛ royalty interest * * * and received therefor cash bonuses aggregating $33,802.50 and the right to receive $136,926.25 out of oil, if and when produced. During the calendar year 1931, petitioner received $15,677.45 on account of the oil payments. The petitioner claimed depletion on the cash bonuses and on the $15,677.45 received on account of the oil payments. The respondent allowed depletion on the cash bonuses, but disallowed depletion on the oil payments.

We reverse the action of respondent in disallowing percentage depletion on the $15,677.45 received by petitioner on account of the oil payments. *Palmer* v. *Bender, supra; Herring* v. *Commissioner, supra.*

Reviewed by the Board.

*Decision will be entered under Rule 50.*

---

Leech, dissenting: I dissent on the second point. The majority opinion relies upon *Fleming* v. *Commissioner,* 82 Fed. (2d) 324, which affirmed the result but discarded the Board's reasoning in 31 B. T. A. 623, on the present issue. Both cases involve identical facts on this issue. Both opinions decided that, in the lease transaction, the taxpayer retained an economic interest in the oil in place. That

transaction is then segregated, and the deferred payments from the oil production are held to be income from the economic interest retained, and therefore depletable. But the court and the majority opinion of the Board then refused depletion on the bonus or cash payment, on the ground that such payment was consideration for the absolute sale of something.

In my judgment, this is exactly what the Supreme Court refused to do in *Palmer* v. *Bender*, 287 U. S. 551, arising under section 214 (a) (10) of the Revenue Act of 1921, and again in *Herring* v. *Commissioner*, 293 U. S. 322, involving section 214 (a) (9) of the Revenue Act of 1926, which is similar to the depletion provisions in the Revenue Act of 1928. The tax-free recovery, by the taxpayer, of his statutory investment in the property is the basis of all these provisions. The method of computation, only, was changed. *United States* v. *Dakota-Montana Oil Co.*, 288 U. S. 459. In the *Herring* case, the Supreme Court held that, in such a transaction, where the taxpayer retained an economic interest in the oil in place, the bonus or cash consideration was income from that economic interest, and subject to depletion, even though no production at all occurred on the lease during the year when the taxpayer received the bonus.

Certainly, neither the actual source of the funds with which the bonus was paid to the taxpayer, nor the legal relationship existing between the parties, was considered controlling in either the *Palmer* or *Herring* cases.

I think the rule in such cases is that when the taxpayer retains an economic interest in the oil in place, the bonus or cash consideration, from whatever the payor's source, as well as the deferred payments from the oil, are gross income to the owner from that retained economic interest, and are, therefore, subject to the depletion allowance. *Palmer* v. *Bender, supra; Herring* v. *Commissioner, supra; Burnet* v. *Harmel*, 287 U. S. 103; *Welch* v. *Obispo Oil Co.*, 61 Fed. (2d) 1045; *Helvering* v. *Falk*, 291 U. S. 183; *Signal Gasoline Corporation* v. *Commissioner*, 66 Fed. (2d) 886.

Here the retention of any "economic interest in the oil in place" may be debatable. However, I agree with the *Fleming* case and the majority opinion of the Board here that the taxpayer did retain such an interest. *Commissioner* v. *Elliott Petroleum Corporation*, 82 Fed. (2d) 193; *Chester Addison Jones*, 31 B. T. A. 55; affd., 82 Fed. (2d) 329; *Commissioner* v. *Williams*, 82 Fed. (2d) 328; *Alexander* v. *Continental Petroleum Co.*, 63 Fed. (2d) 927. But, since he did retain such an economic interest, I think that the bonus, as well as the deferred payments, were income from that economic interest, and both are, therefore, depletable. *Palmer* v. *Bender, supra; Herring* v. *Commissioner, supra*.

SMITH, MORRIS, VAN FOSSAN, and TYSON agree with this dissent.