CAROLINE T. KISSEL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18203.    Promulgated March 5, 1929.

*Claude W. Dudley, Esq.*, and *Henry J. Richardson, Esq.*, for the petitioner.

*Byron M. Coon, Esq.*, for the respondent.

OPINION.

MILLIKEN: The question presented for our decision is not whether petitioner has the right to deduct each year from her gross income that proportion of the value of her life estate which the taxable year bears to her total expectancy of life, but whether she has the right to deduct such proportion of the amount which she invested in the new building out of her own funds. The following are the applicable provisions of the Revenue Act of 1921:

SEC. 214. (a) That in computing net income there shall be allowed as deductions:

*   *   *   *   *   *   *

(8) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence. In the case of such property acquired before March 1, 1913, this deduction shall be computed upon the basis of its fair market price or value as of March 1, 1913;

*   *   *   *   *   *   *

SEC. 215. * * * (b) Amounts paid under the laws of any State, Territory, District of Columbia, possession of the United States, or foreign country as income to the holder of a life or terminable interest acquired by gift, bequest, or inheritance shall not be reduced or diminished by any deduction for shrinkage (by whatever name called) in the value of such interest due to the lapse of time, nor by any deduction allowed by this Act for the purpose of computing the net income of an estate or trust but not allowed under the laws of such State, Territory, District of Columbia, possession of the United States, or foreign country for the purpose of computing the income to which such holder is entitled.

Since petitioner is deriving rentals from the building, it follows that she is using the building in her business.

In *Lynch* v. *Alworth-Stephen Co.*, 267 U. S. 364, it was held that a lease was property within the meaning of section 12 (a) of the Revenue Act of 1916, for the purpose of a deduction by the lessee for exhaustion of " property " by its use; and in *Duffy* v. *Central Railroad Co. of New Jersey*, 268 U. S. 55, the same court held that a lessee who erected improvements on a leased property did not have the right to deduct the whole expenditure made in a taxable year, but that such cost should be apportioned over the life of the lease and the proper proportionate part of the cost should be deducted for each

year. Such has been the ruling of the Board. *Simmons & Hammond Mfg. Co.*, 1 B. T. A. 803.

Respondent, in the brief filed in his behalf, asserts that this rule does not apply to a case where the improvements were erected by the lessee voluntarily and not pursuant to any provision of the lease, or to a case where the improvements were erected on property held under a lease of indefinite duration. In support of the first proposition he cites *Simmons & Hammond Mfg. Co.*, *supra*, and *Frank G. Shattuck et al.*, 2 B. T. A. 7. What was said in *Simmons & Hammond Mfg. Co.* was in reply to the contention that the cost of the improvements constituted rental, which was deductible in the year expended. If counsel had read the first paragraph of that opinion he would have clearly understood the paragraph to which he refers. The first paragraph reads:

> The record in this appeal clearly warrants the conclusion that the items $3,804.63 and $627.78, expended in 1918 and 1919, respectively, were for improvements and betterments to leased properties and as such constitute capital expenditures which should be charged off ratably over the life of the lease. *Appeal of National City Bank of Seattle*, 1 B. T. A. 139.

The *Shattuck* case involves the determination of the tax of an affiliated group of corporations and the language used in that opinion with reference to the fact that the improvements were erected at the volition of the tenant, was said with reference to the question whether such improvements constituted rental, and in connection with the determination of the consolidated income of an affiliated group. Besides, respondent determined in that case that the cost of the improvements should be exhausted over the term of the lease and this determination was approved by the Board on the ground that the method used by respondent and that used by the Board reached practically the same result.

Respondent bases his second contention on *Sentinel Publishing Co.*, 2 B. T. A. 1211, and similar cases, holding that where the taxpayer held under a lease of indefinite duration but where the landlord controlled the tenant by holding the majority of its stock or otherwise, it would not be presumed that the landlord would terminate the lease to the injury of his tenant, whose interests were his own. We said in that opinion:

> * * * If the taxpayer had held a lease for a definite period it would have been entitled to spread the amount expended for improvements over the remaining period of the lease. *The right to exhaust the cost of capital additions over a period shorter than their physical life depends upon proof that the usefulness of property to taxpayer as an income-producing factor will terminate prior to the end of the physical life of such property.* Where the weight of evidence shows, as in this case, that the occupancy of the premises by the taxpayer was for an indefinite period, the allowance for exhaustion, wear, and tear must be based upon the physical life of the property. (Italics added.)

Under the above decisions we have no doubt that a life estate is property within the meaning of section 214 (a) (8), and that but for the provision of section 215 (b) petitioner would have the right to spread the cost of the building over the remaining years of her life expectancy, and deduct the proportionate part each year. This is not a case like *Sentinel Publishing Co.*, *supra*, where the life of the property might be shorter than the life of the tenant. It is stipulated that petitioner at the date of the erection of the building was 63 years old, and respondent has determined (and there is no controversy on this point) that the life of the building is 50 years. We can not indulge in the violent presumption that petitioner will live to be 113 years old. We have here a case where we know, as well as we can know any future fact, that petitioner will die before the improvements cease to exist as income-producing property. If section 214 (a) (8) stood alone we would be compelled to hold that petitioner has the right to exhaust in the way of annual deductions the cost of her improvements over the remaining years of her life expectancy.

Section 215 (b) is an exception to section 214 (a) (8). Both must be read together. Section 215 (b) is limited to the shrinkage by lapse of time " in *the value* " of a life estate or other terminable interest " acquired by gift, bequest or inheritance." We can not extend this subdivision to include interests acquired by any method other than those expressly specified. *United States* v. *Merriam*, 263 U. S. 179. Thus, if petitioner had purchased a life estate there can be no doubt that she would be entitled to exhaust the cost of improvements erected on such estate over the remaining years of the life of the life tenant. It seems to us this case falls within this rule. Petitioner did not acquire her life interest in the new building by gift, bequest or inheritance. She acquired it by paying for it out of her own funds. She is from a legal standpoint in precisely the same position as though her interest were a lease of a life interest. Such being the case, we are of opinion that she is entitled to recovery in the nature of annual deductions for capital investment.

The only question that remains is whether she should take this deduction annually, relying on the life tables, or should deduction be taken by her estate out of income received by her in the taxable year of her death. See *Grant* v. *Rose*, 24 Fed. (2d) 115. To permit the deduction in one lump sum would clearly result in a distortion of income. To allow a deduction each year of that part of the cost which is allocable to such year results in the distribution of a loss over the years in which petitioner is receiving income from the property. Since we have no standard to measure the length of petitioner's life, except life tables, we approve their use under the facts of this proceeding. Cf. *Simpson* v. *United States*, 252 U. S. 547.

This case does not present the situation of a life tenant with a very limited life expectancy erecting improvements for the benefit of remaindermen which might savor of a gift to the latter. Viewed in the light of a plain business proposition, the improvements made by the life tenant represented a prudent investment for her own account.

Petitioner is not entitled to the double deduction of the exhaustion of the value of her investment over the remaining years of her life and to the 2 per cent deduction allowed by respondent, representing exhaustion of the cost of the building over its own life. The second deduction is disallowed.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

STERNHAGEN, ARUNDELL, and SIEFKIN dissent.