H. C. BROWN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MAUDE BROWN PLETTNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 33343, 33345.   Promulgated February 25, 1932.

*James D. Benedict, Esq.*, for the petitioners.
*J. E. McFarland, Esq.*, for the respondent.

OPINION.

BLACK: The respondent has taken the position that the estate received by the petitioners by bequest from their mother, limited as it was in duration to the life of Mary E. Fowles, falls within the exception provided in section 215 (b) of the Revenue Acts of 1921, 1924 and 1926, and accordingly precludes the taking of any deductions under section 214 (a) (8) of the same acts, either for the exhaustion of the value of the estate by the mere lapse of time, or for depreciation of the buildings and improvements on the land. Petitioners contend that this action of the respondent was error and that petitioners are each entitled to deduct under said section 214 (a) (8) an amount of $2,712.82 for each of the taxable years, representing an amortization or exhaustion of the value of income-producing property received by each by bequest from their deceased mother. At the hearing petitioners amended their petition so as to contend in the alternative that if not allowed the full deduction claimed, they are nevertheless entitled to a reasonable deduction for depreciation on the value of the improvements apportioned between themselves and the remaindermen. The taxable years involved in this proceeding are governed by the Revenue Acts of 1921, 1924 and 1926. The taxable year 1925, one of the years involved in this proceeding, is governed by the Revenue Act of 1926, because expressly so provided by the terms of that act. Section 215 (b) of each of said revenue acts is the same and reads:

SEC. 215 (b) Amounts paid under the laws of any State, Territory, District of Columbia, possession of the United States or foreign country as income to the holder of a life or terminable interest acquired by gift, bequest, or inheritance shall not be reduced or diminished by any deduction for shrinkage (by whatever name called) in the value of such interest due to the lapse of time, nor by any deduction allowed by this Act for the purpose of computing the net income of an estate or trust, but not allowed under the laws of such State, Territory, District of Columbia, possession of the United States, or foreign country for the purpose of computing the income to which such holder is entitled.

Section 214 (a) (8) of the Revenue Acts of 1921 and 1924 is the same and reads as follows:

SEC. 214 (a) In computing net income there shall be allowed as deductions:
*　*　*　*　*　*　*
(8) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence.

Section 214 (a) (8) of the Revenue Act of 1926 reads the same as above except Congress added at the end of paragraph (a) (8) the following language:

In the case of improved real estate held by one person for life with remainder to another person, the deduction provided for under this paragraph

shall be equitably apportioned between the life tenant and the remainderman under rules and regulations prescribed by the Commissioner with the approval of the Secretary.

In *Elmer J. Keitel*, 15 B. T. A. 903, we considered the above sections in connection with a life interest in the hands of a taxpayer who had purchased the interest for a valuable consideration, and we there held that such purchase was a capital investment which should be exhausted over the life of the estate so acquired. In that case there was no proof of the value of the estate acquired and the deduction to which petitioner was entitled could not be determined. In that case we said:

If petitioner had purchased a lease, he would under Section 214 (a)(8) be entitled to an annual deduction for the exhaustion of his leasehold. Such has been the consistent holding of the Board since its decision in *Grosvenor Atterbury*, 1 B. T. A. 169. We perceive no difference in principle between the rule laid down in the above case and where one purchases a lease determinable upon the life of the lessor or any other person. In such a case the purchaser would be entitled to take his deduction for exhaustion on the basis of the life tables, if they constituted the only evidence in the case providing a method of determining the duration of the life of the lessor or other person. Nor can we perceive any difference in this respect between the purchase of a lease of a life interest and the purchaser of the life interest itself. In both cases the interest is terminable and exhaustible for income-tax purposes. This proceeding does not fall within the provisions of Section 215 (b), for the reason that petitioner did not acquire his mother's interest " by gift, bequest, or inheritance * * *." He acquired it by purchase. He purchased a terminable estate and is in the same position as one who purchases a lease, which is also a terminable interest.

The above opinion was approved and followed in *Floyd M. Shoemaker et al.*, 16 B. T. A. 1145. See also *Caroline T. Kissel*, 15 B. T. A. 705.

It is the contention of the petitioners that their situations are the same as were the taxpayers' in the above cited cases and hence they are entitled to exhaust over a period of the life expectancy of the life tenant, Mary E. Fowles, the full value of the estate which they received just the same as if they had purchased it at that price. We do not agree with this contention. Undoubtedly the purchaser, Charles Courtland Brown, under the authority of the above-cited cases, would have had the right to exhaust the purchase price which he paid for the property over the period of the life expectancy. But petitioners are not in his situation. The property came to them not by purchase, but by bequest and hence comes squarely within the terms of section 215 (b) of the respective revenue acts, already cited. On this point we hold for respondent. But we think petitioners' alternative contention should be sustained. Under the terms of the

Revenue Act of 1926 applicable to the year 1925, one of the years involved in this proceeding, a requirement is made that in case of improved real estate held by one person for life, with remainder to another person, the depreciation permitted as a deduction under section 214 (a) (8) shall be equitably apportioned between the life tenant and the remainderman under rules and regulations prescribed by the Commissioner with the approval of the Secretary. The Revenue Acts of 1921 and 1924 contain no provision requiring that depreciation should be apportioned between the life tenant and the remainderman, but nevertheless petitioners only claim depreciation for 1923 and 1924 apportioned on the same basis as under the 1926 Act.

The case of *Rose* v. *Grant*, 39 Fed. (2d) 338, which involved much the same questions as we have before us for decision in the instant case, was first heard on demurrer and is reported in 24 Fed. (2d) 115. The facts are very similar to those here presented. Therein Grant, a life tenant under his father's will, came into possession of an Atlanta office building. The court at page 339, 39 Fed. (2d), takes note that he makes no claim for "depletion of the land or for shrinkage in value of his property by reason of the expiration of his estate by efflux of time," citing section 215 (b), 1921 Act. He did claim, however, depreciation on the building and fixtures including elevators. The first District Court decision recognized the propriety of allowing depreciation on building and fixtures, when used in a trade or business, although no deduction could be allowed under section 215 (b) for exhaustion of the value of the estate because of the mere lapse of time. The case was later heard on the merits by Judge Sibley, who was then district judge, and is reported in 32 Fed. (2d) 812, wherein the basis of a fair apportionment is discussed. From this decision an appeal was taken to the Fifth Circuit, which sustained the Court below in *Rose* v. *Grant*, 39 Fed. (2d) 338. Thereafter certiorari was granted by the Supreme Court in 282 U. S. 821, but subsequently dismissed on motion of the Solicitor General in 283 U. S. 867.

On appeal the Circuit Court of Appeals gave specific recognition to the distinction between the life tenant's estate, nonexhaustive under section 215 (b.), and depreciating buildings and fixtures, for which deductions should be allowed under 214 (a) (8), Acts of 1918 and 1921. The court took the view that the revenue acts make no distinction between property held in fee simple or for life, but grant generally a depreciation deduction on property used in a trade or business, adding that "an estate for life, even if it be *pur autre vie*,

if so used, is property within the letter and spirit of the statute and entitled the owner, that is, the holder of the legal title in possession, to the deduction." Having considered in detail the fair apportionment between life tenant and remainderman provided in the 1926 Act, the lower court was sustained in holding that such apportionment between the two for depreciation purposes should be made even under prior acts.

Both courts expressly distinguished cases involving trusts and leases from those in which the taxpayer, as here, was owner of a freehold estate. Said Judge Sibley in 24 Fed. (2d) 115:

Also beside the mark are cases like *Baltzell* v. *Mitchell*, 3 Fed. (2d) 428, which refused deductions for capital losses to the beneficiary of a fixed income from a trust, because the trustee, who owns the entire fee, is the taxpayer who suffers the loss and is entitled to the deduction.

This distinction in our opinion is sufficient to differentiate the instant case from *Louise P. V. Whitcomb et al.*, 4 B. T. A. 80; *Whitcomb* v. *Blair*, 25 Fed. (2d) 528; *Codman* v. *Miles*, 28 Fed. (2d) 823; *Irwin* v. *Gavit*, 268 U. S. 161.

On authority of the language contained in section 214 (a) (8) of the Revenue Act of 1926, as to the taxable year 1925, and *Rose* v. *Grant, supra,* as to the taxable years 1923 and 1924, we sustain petitioners' alternative contention and hold they are entitled to depreciation in each of the taxable years on the improvements situated on said lots equitably apportioned between the life tenant and the remainderman, such apportionment to be made as follows:

The 16th Street Building, constructed in 1886 with an estimated life of 50 years had a remaining life of 18 years in 1918 when petitioner acquired it by inheritance. The *autre vie's* expectancy was 15.243 years. The life tenant, therefore, would hold the building for 15.243/18 of its remaining life. This fraction of its total value of $7,048.50 is $5,968.91, which, divided by 15.243, gives a quotient of $391.58, as annual depreciation. A similar computation for the Court Place Building, built in 1888, with a life of 50 years, having a remainder of 20 years, results in a life tenant's interest of 15.243/20 of the total, $14,115.50; this interest amounts to $10,758.12, which figure, divided by 15.243, gives an annual depreciation of $705.78.

These amounts properly divided between each of petitioners should be allowed them as deductions for depreciation in determining their respective net incomes for each of the taxable years.

Reviewed by the Board.

*Decision will be entered under Rule 50.*