## HUBER v. UNITED STATES.
### No. M–103.

Court of Claims.
Nov. 9, 1936.

able years involved one of the remainder-men died leaving his interest in these properties to plaintiff. He therefore held one-fourth interest in fee simple and a life interest in the remaining three-fourths interest. The properties were subject to wear and tear and exhaustion. They were used by plaintiff in his trade or business during the years in question. He managed them, kept them in repair, collected the rents, and returned the revenue received from them as income under the revenue laws.

Plaintiff duly filed individual income tax returns and also returns for his mother's estate of which he was executor. Although no claim for deductions on account of depreciation sustained on these properties was made in these returns, nevertheless, plaintiff later filed timely claims for refund in which he contended he was entitled to deduction from gross income for depreciation sustained not only on the part in which he possessed the fee simple, but also on the part of the property in which he had an estate for life.

There is no dispute that plaintiff is entitled to deductions claimed on the interest he had in fee simple. The defendant concedes this right. There remains only the question as to whether a life tenant is entitled to a deduction for depreciation sustained on properties used by him in his trade or business. The applicable section of the Revenue Acts of 1921 and 1924 is 214 (a) (8), 42 Stat. 240, 43 Stat. 270, which provides: "(8) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence."

Frank S. Bright, of Washington, D. C. (H. Stanley Hinrichs, of Washington, D. C., on the brief), for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and James W. Morris, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

The plaintiff seeks in this suit to have depreciation allowed on some 40 buildings in which he holds a life interest. These properties were devised to plaintiff for life under his mother's will. He is in possession and enjoyment of them. Prior to tax-

We can find nothing in these words of this section to indicate that the property must be held in an absolute estate in order to permit the allowance. The plaintiff had the possession and enjoyment of a freehold estate and that estate was suffering a gradual exhaustion; through such exhaustion the income which was being returned for income tax purposes was gradually diminishing. This slow exhaustion was due to wear and tear and was not caused by a shrinkage in the value of the estate due to efflux of years.

In the case of Rose v. Grant (C.C.A.) 39 F.(2d) 338, 339, the Circuit Court for the Fifth Circuit in a similar case involving the identical question held: "The Rev-

enue Acts of 1918 and 1921 do not limit the deduction to property held in fee simple, or attempt nice discriminations between inheritances absolute and limited or conditional, but they grant the allowance on 'property used in the trade or business.' Therefore, an estate for life, even if it be pur auter vie, if so used, is property within the letter and spirit of the statute and entitles the owner, that is, the holder of the legal title in possession, to the deduction." See, also, H. C. Brown v. Commissioner, 25 B.T.A. 631.

The defendant pleads section 215 (b) of the Revenue Acts of 1921 and 1924 (42 Stat. 242, 43 Stat. 272) as a further defense. We can see no merit in this contention. The plaintiff is making no claim for depletion of the land or for shrinkage in value due to the expiration of the life estate. There is a marked difference between depreciation and depletion and shrinkage in value due to the lessening of the life estate by age.

The cases relied upon by the defendant are distinguishable on their facts from the case at bar in that each deals with a different character of interest which would make these decisions inapplicable. A leasehold is only a chattel and there is a decided difference between an equitable life tenant and a legal life tenant. We can see no good purpose to be attained in differentiating each case.

The plaintiff is entitled to the allowance for depreciation on the properties in which he has a life interest.

The parties have stipulated that in the event it is held that plaintiff is entitled to deductions for depreciation on his interest as a life tenant, as well as on his fee-simple property, the amount of such deductions (including the correct apportionment of depreciation on account of the life estate, and the total depreciation sustained on the fee interest) is $11,125.72 for 1922, $11,125.72 for 1923, and $10,236.38 for 1924.

Judgment will accordingly be entered in favor of plaintiff by giving effect to those deductions, with entry of judgment suspended pending the submission of a computation by the parties on that basis. It is so ordered.