## CHISOLM v. UNITED STATES.
### No. 41853.

Court of Claims.
May 3, 1937.

J. Gilmer Korner, Jr., of Washington, D. C., for plaintiff.

Robert N. Anderson, Fred K. Dyar, and J. H. Sheppard, all of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

This case involves the question of the right of the plaintiff to deductions for depreciation sustained on the improved real property held by trustees under a trust in which plaintiff is the life beneficiary. The facts of the case have been stipulated and both parties request that they be reported as agreed upon. There is no issue as to the income tax paid, the dates of payment, the sufficiency of the claims for refund, and the rejection of the same by the Commissioner. It is agreed that neither the trustees nor the beneficiary received any deductions for depreciation. The equitable adjustment between the two is not in dispute. There remains only the bare question as to whether the equitable life tenant is entitled to have deductions from gross income for depreciation on improved real estate which forms the corpus of the trust. The refund claims cover the years 1926 and 1927.

The Revenue Act of 1926 provides inter alia, as follows:

"Sec. 214. (a) In computing net income there shall be allowed as deductions:
* * *

"(8) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence. In the case of improved real estate held by one person for life with remainder to another person, the deduction provided for in this paragraph shall be equitably apportioned between the life tenant and the remainderman under rules and regulations prescribed by the Commissioner with the approval of the Secretary." 44 Stat. 26, 27. The 1921 and 1924 acts (section 214(a) (8), 42 Stat. 240, 43 Stat. 270) did not contain the last sentence of this provision of the 1926 act.

This court in the case of Huber v. United States, 16 F.Supp. 773, 776, 83 Ct. Cl. 643, which arose under the 1921 and 1924 acts, held that a legal life tenant was entitled to the deduction. It is true that in that case the expression used was that "there is a decided difference between an equitable life tenant and a legal life tenant," but what we were expressing then was as to the nature of the fee held by the two classes of life tenant. The legal life tenant not only had the fee, but also was in possession and had control of the property. The equitable life tenant has not the fee, is not in possession, and has no control of the property, but only is entitled to the income from the property. An allowance of deductions for wear and tear on improved real property is given to a life tenant by the 1926 act, but the act does not make any difference between a legal life tenant and an equitable life tenant. The established rule for the construction of a statute is that where a general grant is made by a legislative body for a deduction that fact raises the conclusive legal presumption that no exceptions are intended and that all those falling within this general class are entitled to participate in the benefit. Lynch v. Alworth-Stephens Company (C.C.A.) 294 F. 190, 194, affirmed by the Supreme Court, 267 U.S. 364, 45 S.Ct. 274, 69 L.Ed. 660.

It appears that, after the passage of the 1926 act, the General Counsel of the Internal Revenue Bureau construed section 214(a) (8), supra, to mean that only the legal life tenant was covered by its provisions and that the equitable life tenant was excluded. We can find no such intent on the part of Congress and we are precluded from writing into the statute words which are not there. The plain, obvious meaning of the words of the statute must be applied, and not a strained construction which would distort its meaning and confine it within a restricted class. Both the plaintiff and the defendant have gone into a long explanation in their briefs as to the legislative history of this provision of the act. We do not think it is necessary to review in this opinion all the congressional reports in reference to the adoption of this provision. Suffice it to say that the rulings of the General Counsel having caused uncertainty as be-

tween the two classes of life tenants, Congress determined to remove this confusion and hardship by a clarification in the 1926 (section 214(a) (8), 44 Stat. 26, 27) and 1928 (section 23(k), 45 Stat. 800, 26 U.S.C.A. § 23(l) acts. When the Revenue Act of 1926 was before the Senate, the Finance Committee in its report (Report No. 52, 69th Congress, 1st Session, page 21) stated:

"Depreciation in Case of Life Tenant and Remainderman.

"Section 214(a) (8). The present law allows depreciation as a deduction. The Committee recommends that it be made clear that in the case of improved real estate held by one person for life with remainder to another the depreciation deduction shall be equitably apportioned between the life tenant and the remainderman.".

The amendment adopted by the Senate was agreed to by the House in conference, and in the conference report there is the following explanation: "Amendment No. 23. The existing law allows depreciation as a deduction. This amendment makes it clear that in the case of improved real estate held by one person for life with remainder to another, the depreciation deduction shall be equitably apportioned between the life tenant and the remainderman; and the House recedes."

It is very clear that the occasion of this amendment was an erroneous interpretation of the act of 1924. This interpretation resulted in a hardship and an uncertainty which Congress determined to remove by the clarification act. In the 1928 act nothing was left for interpretation; it was in the nature of instruction to the Internal Revenue Bureau that Congress considered both classes included in the statute in order that there might be no differentiation. The Congress clarified the meaning of the statute by its amendment.

The defendant attempts to meet this construction by setting out the provisions of section 215(b) of the 1926 act (44 Stat. 29) which has been carried in its present form in all the revenue acts since the act of 1921. We can see no application of this section to the question under discussion. In discussing the Huber Case, which involves the right of a legal life tenant to the deduction, the same section was set out as a defense and we held then this section applied to exhaustion of a life estate through the efflux of time and not to wear and tear

on improved real estate through the passage of years. If section 215(b) does not apply to the legal life tenant with respect to depreciation sustained by wear and tear, it certainly cannot apply to the equitable life tenant.

The trust under consideration does not contain a provision requiring the trustee to deduct depreciation and, therefore, under the law of the state of New York, where this trust was created, the trustee is not permitted to take a deduction for depreciation on the improved real estate in determining the amount distributable to the beneficiaries; in other words, the entire income from the property is distributable to the beneficiaries without a deduction for depreciation.

A somewhat similar situation was presented in the case of Helvering v. Falk et al., 291 U.S. 183, 186, 54 S.Ct. 353, 354, 78 L.Ed. 719. In that case the question was whether an equitable life tenant was entitled to depletion on certain mining property from which the income was derived. The Supreme Court held:

"Whatever may be said concerning the power of Congress to treat the entire proceeds of a mine as income, obviously this statute has not undertaken so to do. The plain purpose, we think, was to tax only that portion of the proceeds remaining after proper allowance for depletion. This allowance represents property consumed, is treated as if capital assets, and no tax is laid upon it. The statute must be so applied in practice as to carry out this purpose. The intention was that owners of beneficial interests should not be unduly burdened.

"Since 1913 all Revenue Acts have left untaxed the proceeds of a mine so far as these represent actual depletion. And this court has often recognized that this immunity enures to the beneficial owners of the economic interest."

It is true that in this case the Supreme Court was dealing with a matter of depletion, but we can see no material difference between the depletion of a mine and the depreciation of improved real estate. Both are exhausting the capital assets from which the income is derived and finally result in no income at all through the complete exhaustion of the capital. In the mines it is the taking out of the ore; in improved real estate, it is the wear and tear occasioned through yearly use. Nevertheless, both ultimately result in exhaustion.

In the above case the court also uses the following expression: "Here the governing instrument directed payment to the beneficiaries of the entire proceeds, less expenditures, etc., and the trustees must be regarded as a mere conduit for passing them to the beneficial owners. Part only of the proceeds was subjected to taxation. The other part was left untaxed and remained so in the hands of the beneficiaries."

In the case of Freuler v. Helvering, 291 U.S. 35, 41, 54 S.Ct. 308, 310, 78 L.Ed. 634, it is held: "Plainly the section contemplates the taxation of the entire net income of the trust. Plainly, also, the fiduciary, in computing net income, is authorized to make whatever appropriate deductions other taxpayers are allowed by law. The net income ascertained by this operation, and that only, is the taxable income. * * * But as the tax on the entire net income of the trust is to be paid by the fiduciary or the beneficiaries or partly by each, the beneficiary's share of the income is considered his property from the moment of its receipt by the estate. * * * *For the purpose of imposing the tax the act regards ownership, the right of property in the beneficiary, as equivalent to physical possession.*" (Italics ours.)

See, also, Blair v. Commissioner, 57 S. Ct. 330, 81 L.Ed. ——, decided by the Supreme Court February 1, 1937, where it is held that an equitable life tenant is taxable only on the income actually received after assignment of a part of the total income of the estate.

As has been above stated, this court has held that a legal life tenant is entitled to depreciation on the real estate which produced trust income to him. We can see no difference between the depreciation allowance to a legal life tenant and the depreciation allowance to an equitable life tenant and, unless Congress has in plain terms denied the right of an equitable life tenant to depreciation, we can see no reason why he is not included within the terms of the statute which must be construed in favor of the taxpayer. The statute is general in its provisions and covers life tenants, which includes in its terms both legal and equitable life tenants.

We are not unmindful of the fact that in United States v. Blow (C.C.A.) 77 F. (2d) 141, it was held, by a divided court, that an equitable life tenant was not entitled to reduce personal income by taking depreciation on trust real estate. But we are not in accord with that decision which is based entirely on the distinction made by the majority of the court between depletion and depreciation. We do not believe that Congress intended to make a distinction between the loss occasioned by the extraction of minerals from the earth and the loss occasioned by the yearly wear and tear on improved real estate used in producing income. Both are consumption by gradual exhaustion of capital assets. There may be a difference in words but no distinction in ultimate effect, and both result, if no deduction is allowed, in the inclusion in income of a part of the capital assets. The taxation statutes tax income and not capital and, when capital is taxed, in whatever form, it is against the constitutional amendment providing for the taxation of incomes. Deductions are a matter of grace granted by Congress and we cannot accord with the view that the legislative body intended to differentiate between two taxpayers suffering the same loss of capital through exhaustion but on different classes of assets. The inequity is too transparent to carry conviction when the statute is general in terms. Due to the misapplication of the statute by rulings and decisions, the Congress in the 1928 act clarified the matter by inserting amendments which left nothing to interpretation. In the reports of the committees of both Houses it is clearly expressed that it is a clarifying amendment due to the erroneous construction placed on the 1926 act. Clarification means that the thing exists but is uncertain and cloudy but never nonexistent. The congressional intent that both classes were covered in the statute was more clearly expressed; all doubt was removed from further uncertainty by courts or other agencies of the government.

A further issue in the case originally was as to the basic date for the valuation of the property for purposes of computing depreciation; namely, whether the property should be valued as of May 21, 1913, the date of the decedent's death, or March 16, 1920, the date on which the trust property was conveyed to the trustees. Plaintiff had contended for the latter date, but now practically concedes, and we think properly so, that the former date should govern. Hartley v. Commissioner, 295 U.S. 216, 55 S.Ct. 756, 79 L.Ed. 1399, and McFeely v. Com'r

(U. S. v. First National Bank of Boston), 296 U.S. 102, 56 S.Ct. 54, 80 L.Ed. 83, 101 A.L.R. 304. On the basis of such date, and in accordance with the conclusion reached above, plaintiff is entitled to deductions for depreciation for 1926 and 1927 in the respective amounts of $22,187.30 and $21,439.22.

Entry of judgment in favor of plaintiff will be suspended pending the submission by the parties of computations giving effect to the foregoing deductions.

It is so ordered.

GREEN, Judge (concurring).

I concur in the foregoing opinion and will call attention to some other matters which appear to me to sustain the final conclusion reached therein.

The regulation made by the Department appears to me to be not only unauthorized but illogical. In the case before us, property was willed to trustees with directions to pay the income over to the plaintiff during his lifetime. This income was to be paid currently and the trustees could make no deductions from it except for administrative expenses and in accordance with the will. The trustees who held the legal title were not taxable upon this income because it was not theirs but that of the plaintiff fiduciary. If he cannot take a deduction for depreciation, no one can. Surely such an inequitable result was not intended by Congress and I find nothing in the statute which even inferentially indicates such an intention.

As is said in the foregoing opinion, so far as the right to deductions are concerned there is no difference between depreciation and depletion. Both terms are used in the law in order to cover losses of either nature sustained by the taxpayer and I can see no reason for applying a different rule in cases where there is both a legal life tenant and an equitable life tenant. Obviously, the equities are the same in each case.

It seems to have been considered by the Bureau that because the plaintiff did not have the legal title this fact in some way prevented his getting the benefit of the deduction, but in the quotation made in the majority opinion from Freuler v. Helvering, 291 U.S. 35, 54 S.Ct. 308, 310, 78 L.Ed. 634, the rule is definitely laid down that the fiduciary in computing his income "is authorized to make whatever appropriate deductions other taxpayers are allowed by law."

What is said by this court in Huber v. United States, 16 F.Supp. 773, 83 Ct.Cl. 643, does not, as pointed out in the majority opinion, sustain defendant's position. In that case an altogether different situation was presented. Plaintiff received the income producing property for life without the intervention of any trustees. There was no equitable life tenant. Necessarily the income which he received was taxable to him and he was the only one who could claim a deduction. But this does not show that where there is an equitable life tenant who receives the income he cannot be allowed a deduction.