MARGARET PENN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26623. Promulgated June 29, 1951.

*Chas. Claflin Allen, Esq.*, for the petitioner.
*Frank Cavanaugh, Esq.*, for the respondent.

1498

## OPINION.

DISNEY, *Judge:* The petitioner's contention is that having expended her own money in the erection of the building involved she as life tenant of the property is entitled to a deduction in the nature of depreciation based upon her 7-year life expectancy instead of the 50-year useful life of the building, as determined by the Commissioner.

Section 23 (1), Internal Revenue Code, provides that deduction for depreciation "shall be computed as if the life tenant were the absolute owner of the property and shall be allowed to the life tenant."

The Revenue Act of 1921, section 214 (a) (8), provided for deduction of a reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence. *Caroline T. Kissel*, 15 B. T. A. 705, is based upon that statute. Therein it was found that the petitioner in 1921 acquired a life estate in land, and because the buildings were old and unproductive of satisfactory revenue, petitioner tore them down and put up a four-story brick building, costing about $113,000, which was rented when petitioner had a life expectancy of 11 years. She claimed depreciation on that basis but the Commissioner allowed it on a 50-year basis, that being the useful life of the building. Her contention was sustained. The petitioner relies primarily upon the *Kissel* case.

The respondent points out that the statute prescribes deduction of a reasonable allowance for exhaustion, wear and tear of *property*, that the statute is specific in providing that a life tenant shall be allowed deduction for depreciation in the same manner as an absolute owner, and that an absolute owner is allowed such deduction based on the useful life of the property.

The petitioner, however, argues in substance that the provision allowing deduction for depreciation to a life tenant as if absolute owner arose in the Revenue Act of 1928 which amended previous law, that the Revenue Act of 1926 had provided that in case of "improved real estate" held by a life tenant the depreciation deduction should be equitably apportioned between life tenant and remainderman, and that the 1928 Act, in providing for deduction for depreciation by a life tenant as if absolute owner also referred to

"improved real estate." This, petitioner contends, means property improved when received by the life tenant, so that the present statute, based on the 1928 Act, makes no provision for the situation in the instant case—where the improvement involved was not received by the life tenant with the property, but was erected by her at her own expense. Therefore, she argues in effect, the *Kissel* case, based on the 1921 Act prior to the Acts of 1926 and 1928, here controls. Reference to the earlier acts in *Grant* v. *Rose*, 32 F. 2d 812, is cited, and petitioner quotes *H. Edward Wolff*, 7 T. C. 717, where, in a case involving annuity payments for a purchased life estate, we said in effect that if the petitioner had purchased a life estate for a lump sum, the sum would have been exhaustible over the life expectancy of the life tenant.

We can not agree with the petitioner's contention. The *Kissel* case, in our view, does not apply, since the present provision as to deduction by a life tenant as if absolute owner originated in 1928; and we find no support for petitioner in the fact that the provisions in the Revenue Act of 1926 refer to "improved" real estate. Real estate without improvements is not subject to depreciation, the use of the word "improved" merely so recognizes, and the use of the expression, in our opinion, can not reasonably be the basis for petitioner's argument that only real estate received by a life tenant already improved is covered by the statute. The language of the statute is plain and general: Property held for life with remainder to another, shall be the subject of depreciation deduction as if life tenant were absolute owner, which means on a basis of useful life. If there is inequity in such a provision, when applied to the present case, it is for Congress, not us, to remedy. Congressional intent in the present statute, however, we find clearly indicated in the Committee Report (1939–1 C. B. (Part 2) 423), as to the Revenue Act of 1928, stating that:

In the case of life tenant and remainderman the bill provides that the deduction for depreciation shall be computed as if the life tenant were the absolute owner of the property—that is, in accordance with the estimated useful life of the property—and shall be allowed to the life tenant each year that he holds the property. * * *

It is to be noted that the reference in the Senate Report on the Revenue Act of 1928 to the situation of life tenant and remainderman is general, not limited to improved real estate, well indicating that the instant situation was not overlooked and that "improved" was used in the statute in 1926 only because only such improved real estate involved depreciation. Petitioner's argument as to the expression "improved real estate" is indeed met by the fact that though that

expression appears in the Revenue Act of 1926 it is changed to "property" in the Revenue Act of 1928 and has since so appeared.[1] The *Kissel* case, involving a statute containing no provision on the subject of depreciation allowance to a life tenant, can not control in the face of the particular provision later provided, and effective in the years here involved. Cases such as *H. Edward Wolff*, *supra*, clearly have no application, nor does a situation involving an ordinary purchased life interest. *Elmer J. Keitel*, 15 B. T. A. 903. In such a case the purchased life interest is the capital asset, not the physical property.

Section 124 (i), Internal Revenue Code, as added by section 155 (f) of the Revenue Act of 1942, adds the language of section 23 (1) to the law of amortization of emergency facilities. Since it appears obvious that the object of section 124 was to encourage construction of war emergency facilities, the addition of such language refutes petitioner's theory that section 23 (1) was not intended to apply to new improvements made by a life tenant.

Moreover, even under the *Kissel* case, the petitioner could not here prevail, for we there said:

This case does not present the situation of a life tenant with a very limited life expectancy erecting improvements for the benefit of remaindermen which might savor of a gift to the latter. * * *

Here, as shown in the facts, the original conveyance was made by petitioner and her husband "for the purpose of assuring to their said daughter * * * a fixed income, after the death of these grantors * * *." This, with the erection of a 50-year-life building by one having an expectancy of 7 years, indicates, we think, that the building was not erected by petitioner merely for her own benefit, but for benefit of herself and daughter; and the rule expressed by the statute logically applies.

We conclude and hold that the Commissioner did not err in allowing depreciation on a basis of useful life of the building.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

[1] The petitioner, as above seen, contended on brief that the Revenue Act of 1928, as well as that of 1926, referred to "improved real estate"; and the petitioner actually quotes section 23 (k) of the Revenue Act of 1928 as reading: "In the case of improved real estate held by one person for life * * *." This is, of course, a misquotation. The Revenue Act of 1928, section 23 (k), in fact reads, instead of the language just quoted from petitioner's brief, as follows: "In the case of *property* held by one person for life * * *." {Emphasis added.]