## PENN v. COMMISSIONER OF INTERNAL REVENUE.

### No. 14546.

United States Court of Appeals
Eighth Circuit.

Oct. 23, 1952.

Charles Claflin Allen, St. Louis, Mo. (Lehmann & Allen, St. Louis, Mo., on the brief), for petitioner.

Harry Marselli, Sp. Asst. to Atty. Gen. (Ellis N. Slack, Acting Asst. Atty. Gen.,

and Harry Baum, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This appeal from a decision of the Tax Court of the United States involves income tax liability of the petitioner for the calendar years 1943 and 1944 in the respective amounts of $550.53 and $776.04.

The question presented is whether depreciation deductions on a building erected by a life tenant at her own expense are to be computed under § 23(l) of the Internal Revenue Code, 26 U.S.C.A. § 23(l), at a rate based upon the life expectancy of the life tenant, as the taxpayer contends, or on the useful life of the building, as the Tax Court held. 16 T.C. 1497.

The material facts are not in dispute. On June 25, 1913, the petitioner and her husband (since deceased) executed an indenture by the terms of which they conveyed to their daughter in trust a lot in the town of Belleville, Illinois, reserving to themselves and to the survivor a life estate therein. The indenture provided that during the continuance of the life estate the property should be rented, and that out of rentals received the building should be kept in good repair and condition; that upon the death of the petitioner and her husband, a court of competent jurisdiction should appoint a trustee to manage the property and pay over the income to the daughter; and that at the daughter's death the property should descend to the heirs of her body.

The indenture further recited that the petitioner and her husband were making the conveyance for the purpose of assuring to their daughter a fixed income after their death.

When the indenture was executed there was a three-story brick building on the real estate. In 1938, after petitioner's husband had been dead many years, the building had become old and dilapidated so that the second and third stories were unoccupied, and only a small cigar store occupied a part of the first floor. In that

year petitioner, without the consent of her daughter, tore down the old building and at her own expense erected a new building at a cost to her of $17,628.45. At that time the petitioner was 73 years old, and her life expectancy was 7.26 years. The useful life of the new building is 50 years.

The purpose of petitioner in erecting the new building was to get something out of her life estate in the property and to provide income for her own need.

In the taxable years of 1943 and 1944 the petitioner received rentals from the property of $5,680 and $6,900. The approximate annual expenses on the building have been well under $1,000. In each of these years petitioner deducted "depreciation" on the building in the amount of $2,500 based on her life expectancy. The Commissioner determined that the depreciation should be based upon the 50-year useful life of the building, allowing depreciation in the amount of only two per cent per annum and adjusted her net income accordingly. The Tax Court sustained the Commissioner's determination and the petitioner appeals.

The petitioner contends here

1. That the Tax Court erred in ruling that the depreciation should be allowed on the basis of the useful life of the building and not on the life tenant's expectancy.

2. That § 23(l) of the Internal Revenue Code does not apply to improvements placed on the property by the life tenant at her own expense, but that she has a right to amortize the cost of such improvements over her own life expectancy as a business expense under § 23(a)(1)(A) or as an expense incurred in the production of income under § 23(a)(2).

3. That the court's statement that the building was erected for the benefit of herself and her daughter is erroneous as not based upon evidence.

The determining consideration here is whether § 23(l) of the Internal Revenue Code properly interpreted is applicable to and controlling of this case. This section entitled "deductions from gross income" reads:

"In computing net income there shall be allowed as deductions:

\* \* \* \* \* \*

"(l) Depreciation. A reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence)—

"(1) of property used in the trade or business, or

"(2) of property held for the production of income.

In the case of property held by one person for life with remainder to another person, the deduction shall be computed as if the life tenant were the absolute owner of the property and shall be allowed to the life tenant."

The parties agree that depreciation on the building was allowable to the petitioner as life tenant; but they do not agree as to the proper method of computation. The Commissioner and the Tax Court held that "the deduction shall be computed as if the life tenant were the absolute owner of the property", which it is settled is on the basis of the useful life of the property, in this case 50 years. The petitioner says the statute does not apply; that the depreciation must be based upon the life expectancy of the taxpayer, in this case approximately seven years. Petitioner relies upon the decision of the Tax Court in Kissel v. Commissioner, 15 B.T.A. 705, and Grant v. Rose, D.C.Ga., 32 F.2d 812.

We reach the conclusion that the petitioner's contention is not tenable. The history of the statute negatives her contention. Prior to 1926 the revenue laws provided no rule in respect of the allocation of depreciation allowances in the case of depreciable property in which life and remainder interests were held by different persons. Section 214(a)(8) of the Revenue Act of 1926, c. 27, 44 Stat. 9, 26 U.S.C.A. Int.Rev. Acts, page 167, provided that "In the case of improved real estate held by one person for life with remainder to another person, the [depreciation] deduction provided for in this paragraph shall be equitably apportioned between the life tenant and the remainderman under rules and regulations prescribed by the Com-

missioner with the approval of the Secretary". See Chisolm v. United States, 19 F.Supp. 274, 85 Ct.Cl. 199, and cases cited therein.

This formula in the Act of 1926 proved unworkable, leading to confusion and uncertainty as shown in the Chisolm case, supra. It was then that Congress in the Revenue Act of 1928 added the clause, the meaning and application of which is here in dispute, namely:

"In the case of property held by one person for life with remainder to another person, the deduction shall be computed as if the life tenant were the absolute owner of the property and shall be allowed to the life tenant."

The petitioner contends that this addition as well as the provisions of the 1921 and 1926 Acts applied only to existing improvements, that is to improvements existing at the time the life tenant's interests became vested, and not to improvements placed on the property by the life tenant after his or her life estate vested.

Clearly no such restriction can be found in the statute, in its legislative history, or in the Treasury Regulations applicable. In the report of the Senate Finance Committee accompanying the Revenue Bill of 1928 explaining the amendment under consideration, it is said:

"In the case of life tenant and remainderman the bill provides that the deduction for depreciaition shall be computed as if the life tenant were the absolute owner of the property—that is, in accordance with the estimated useful life of the property—and shall be allowed to the life tenant each year that he holds the property."

The Conference Committee accepted the amendment and explained its meaning in the same way.

Treasury Regulations 111, promulgated under the Internal Revenue Code, interprets the amendment in like manner.

It is argued that the rule which applies to improvements made by a lessee on leased premises should apply here as a matter of equity citing Duffy, Collector v. Central R. Co. of N. J., 268 U.S. 55, 45 S.Ct. 429, 69 L.Ed. 846. But the statute makes no such exception. The argument may more appropriately be addressed to Congress rather than to a court. Remedying harshness, if any exists, in the operation of a Revenue Act is for Congress, not for the courts. Boehm v. Commissioner, 326 U.S. 287, 295, 66 S.Ct. 120, 125, 90 L.Ed. 78. In the cited case the Court say: "It is beyond the judicial powers to distort facts or to disregard legislative intent in order to provide equitable relief in a particular situation."

Finally, the petitioner complains of one of the concluding observations of the Tax Court in its opinion where the Court say: "* * * as shown in the facts, the original conveyance was made by petitioner and her husband 'for the purpose of assuring to their said daughter * * * a fixed income, after the death of these grantors * * *.' This, with the erection of a fifty-year-life building by one having an expectancy of seven years, indicates, we think, that the building was not erected by petitioner merely for her own benefit, but for the benefit of herself and daughter; and the rule expressed by the statute logically applies."

The observation of the court neither strengthens nor weakens the conclusion we have reached as to the construction and application of the statute. In any event the petitioner knew when she constructed the building that she had only a life estate in the property and that her daughter had been given by the indenture which she and her husband had executed a remainder interest therein. Their respective rights were not changed in any way by the construction of the new building.

Affirmed.